IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEE RUSIE                                            PLAINTIFF

V.                              NO. 09-3083

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lee Rusie, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on August 2, 2007, alleging an

inability to work since July 24, 2007, due to degenerative disc disease in his lower back and

bulging discs.  (Tr. 139, 144).  An administrative hearing was held on March 23, 2009, at which

Plaintiff appeared with counsel and testified.  (Tr. 5-42).

By written decision dated June 1, 2009, the ALJ found that during the relevant time

period, Plaintiff had an impairment that was severe - degenerative disc disease. (Tr. 55).

However, after reviewing all of the evidence presented, she determined that Plaintiff's

-1-

AO72A
(Rev. 8/82)

impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4.  (Tr. 55).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:  perform light work, except that he can only occasionally balance, stoop, kneel, crouch, and crawl.  (Tr. 56).  With the help of a vocational expert, the ALJ determined Plaintiff could perform past relevant work as a pick room attendant and poultry eviscerator.  (Tr. 59).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 23, 2009.  (Tr. 1-3).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 6, 7).

## II.  Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the

-2-

ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schwieker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III. Discussion:**

Of particular concern to the undersigned is the weight the ALJ gave the opinions of the

-3-

Plaintiff's treating physicians and the non-examining physician, and her failure to fully develop the record.

In a Physical RFC Assessment dated September 10, 2007, Dr. David L. Hicks, a non-examining physician, found that Plaintiff could:

> occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; push and/or pull (including operation of hand and/or foot controls) unlimited, other than as shown for lift and/or carry.

(Tr. 269). Dr. Hicks found that Plaintiff suffered from some postural limitations in that he could only occasionally climb ramp/stairs-ladder/rope/scaffolds; balance; stoop; kneel; crouch; and crawl. (Tr. 270). He concluded that Plaintiff could perform light work with postural restrictions. (Tr. 275).

In a letter dated May 2008, Dr. Kelly M. Humpherys, Plaintiff's treating physician for two years, stated as follows:

> Due to his severe low back and leg pain, the patient is unable to work; he cannot lift or carry more than 5 pounds at one time, he cannot sit or stand for more than 10 minutes at one time; he cannot bend or twist at the waist or do pushing or pulling motions. Despite oral pain meds, he still has low back pain of 4-8/10, depending on his activity level, the weather. etc.

(Tr. 299).

The Court recognizes that Dr. Humpherys' opinion that Plaintiff was unable to work concerns issues reserved to the Commissioner, and is not the type of opinion which receives controlling weight. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Accordingly, the ALJ was not required to give controlling weight to Dr. Humpherys' opinion that Plaintiff is unable to work. However, as to the rest of Dr. Humpherys' opinion regarding Plaintiff's

-4-

limitations, the Court does not believe the ALJ gave it the proper weight or fully developed the record,  as is her responsibility, id. at 1016, for the following reasons.

In the present case, in the September 10, 2007 Physical RFC Assessment, one of the records relied upon by Dr. Hicks reflected that in July of 2007, a spine surgeon consult "noted c/o axial back pain **without radicular component,**..." (Tr. 275).  However, on October 1, 2008 and November 21, 2008, Dr. Kevin Richter, who treated Plaintiff over a period of several months in 2008, assessed Plaintiff with chronic pain syndrome and "Low back pain; radiculopathy."[1] (Tr. 309).  Since it appears that the presence or absence of radiculopathy could have been a critical factor in Dr. Hicks assessment, the ALJ should have obtained further information on this issue, especially in light of the assessment of the Plaintiff's treating physician, Dr. Humpherys.

Normally, the opinion of the non-examining physician does not "constitute substantial evidence on the record as a whole." Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir. 2003). In the present case, the ALJ relied primarily on the opinion of the non-examining physician, and discounted Dr. Humphery's severe limitations as being inconsistent with the medical treatment the claimant received.  The ALJ felt that Dr. Hicks' opinion deserved some weight "particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision)."  (Tr. 58).  However, the Court does not believe there are sufficient "other reasons" for the ALJ to totally discount Dr. Humphery's opinion that Plaintiff could not lift or carry more than 5 pounds at one time, could not sit or stand for more than 10 minutes at one time; could not bend or twist at the waist or do pushing or pulling motions.

The Court notes that at the hearing before the ALJ, Plaintiff's attorney advised that Dr.

---

[1]Radiculopathy - Disease of the nerve roots.  Dorland's Illustrated Medical Dictionary 1595 (31st ed. 2007).

Humpherys had left the clinic and that he was not able to obtain an RFC from her.  (Tr. 23).

However, the Court nevertheless finds it appropriate in this case to remand this matter to the ALJ

to obtain a Physical RFC Assessment from an examining physician, perhaps from Dr. Kevin

Richter, and re-weigh the opinions of the experts and re-assess Plaintiff's RFC, keeping in mind

that the opinion of the treating physician is "accorded special deference under the social security

regulations." Vossen, 612 F.3d at 1017, quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.

2000).   The Plaintiff's attorney is also encouraged to try and locate Dr. Humpherys, and obtain

a Physical RFC Assessment from her within thirty days from the date of this opinion, and

provide it to the ALJ.  If unable to locate her, he should notify the ALJ at the expiration of the

thirty days.

**IV.  Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial

evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of

42 U.S.C. § 405(g).

DATED this 3rd day of January, 2011.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-