IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEE RUSIE                                                                    PLAINTIFF

V.                                         NO. 09-3083

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

**O R D E R**

Plaintiff, Lee Rusie, appealed the Commissioner's denial of benefits to this court. On January 3, 2011, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 9). Plaintiff now moves for an award of $ 3,750.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 27.2 attorney hours of work before the court at an hourly rate of $125.00. (Doc. 10). Defendant has filed a response, stating that it does not object to an attorney's fees award of $3,400 plus the $350.00 filing fee, but requests that such fees should be payable to the Plaintiff as the prevailing litigant. (Doc. 14). Plaintiff's counsel filed a reply, stating that the award should be paid to Plaintiff's counsel, since Plaintiff assigned the EAJA fee to him. (Doc. 15).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was

-1-

substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were

AO72A
(Rev. 8/82)

computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 27.2 hours of work performed at an hourly rate of $125.00 - the maximum statutory rate under § 2412(d)(2)(A), which will be allowed.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter. Plaintiff's counsel seeks 3.60 hours for work done prior to the filing of the complaint in this matter. Plaintiff's counsel is an experienced social security attorney and these activities should not have taken more than 2 hours. The amount of 1.60 hours will be deducted.

Plaintiff's counsel seeks .20 hours inputting scheduling order deadlines on the calendar and reminders in the case management system and .10 hours to electronically file Plaintiff's brief. These activities are clerical in nature and not compensable under the EAJA. Granville House, Inc. V. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987). The amount of .30 hours will therefore be deducted.

Plaintiff's counsel requests a total of 15 hours for various activities related to the preparation of the appeal brief. The transcript in this matter was 314 pages in length, and there were no unique issues involved. Plaintiff's counsel is experienced in social security matters, and this should not have taken him more than 10 hours. The amount of 5 hours will therefore be deducted.

Plaintiff's counsel requests 2 hours for reading and reviewing Defendant's 10 page appeal brief. This should not have taken Plaintiff's counsel more than 1 hour. The amount of 1 hour will be deducted.

Plaintiff's counsel seeks .50 hours to read and review the undersigned's 6 page Memorandum Opinion and 1 page Judgment. This should have taken no more than .25 hours. The amount of .25 hours will be deducted.

Plaintiff's counsel seeks 2.50 hours to draft the motion for attorney's fees, affidavit and assignment, and affidavit and memorandum. This should have taken no more than 1.50 hours. The amount of 1 hour will be deducted.

Plaintiff's counsel requests that the Court direct payment of the EAJA award directly to Plaintiff's counsel and not to Plaintiff. Plaintiff's counsel argues that the EAJA award should be payable directly to him based on Plaintiff's assignment of his interest in any such award of attorney's fees and expenses. (Doc.15).

Defendant argues that on June 14, 2010, the United States Supreme Court held that fee awards under the EAJA are payable to the party litigant, not the party's attorney. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010). Defendant also argues that the purported assignment between Plaintiff's counsel and Plaintiff is invalid pursuant to the Anti-Assignment Act, 31 U.S.C. § 3727(b).[1] Nonetheless, Defendant agrees to waive strict compliance with the Anti-Assignment

---

[1] The Anti-Assignment Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government[.]" 31 U.S.C. § 3727(a)(1). The Act establishes several technical requirements for a valid assignment:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested

Act only if the Court issues the Order for the EAJA award to be payable to Plaintiff, and the Defendant determines that Plaintiff does not owe a debt to the United States. Defendant states once the Order is entered awarding a claimant attorney's fees under the EAJA, the Defendant will contact the Treasury Department to determine if the claimant owes the government a debt that is subject to administrative offset. If Plaintiff does not owe a debt when the Defendant effectuates the Court's order awarding EAJA fees, the Defendant will waive the requirements of the Anti-Assignment Act and honor the agreement between Plaintiff and his attorney by paying the EAJA award directly to Plaintiff's counsel. However, if Plaintiff does owe a debt, the Defendant will not waive the Anti-Assignment Act and will pay the EAJA award to Plaintiff, thus subjecting the award to offset.

In the present case, whether Plaintiff owes a debt to the government is unknown to the Court, and the Court is hesitant to take on the task of determining whether an offsetting qualifying debt exists. Therefore, this Court, like other courts have done throughout the circuits since the determination in <u>Ratliff</u>, finds that Defendant's proposal addressed above will best serve all parties of interest. See <u>Johnson v. Astrue,</u> 2011 WL 1298035 * 2 (E.D.Ark. April 4, 2011) (approving the Commissioner's proposal to decide whether to waive compliance with the Anti-Assignment Act and to pay Plaintiff's counsel directly only after an order is entered

---

> to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

awarding EAJA attorney's fees directly to the claimant and the Commissioner determines the claimant does not owe the government a debt); Kelley v. Astrue, 2010 WL 3636145 (E.D.Ky. Sep.14, 2010) (unpublished decision) (approving of Commissioner's proposal to decide whether to waive compliance with the Anti–Assignment Act and to pay the claimant's attorney directly only after an order is entered awarding EAJA attorney's fees directly to the claimant—"the Court believes the best practice is to award the EAJA fees directly to Plaintiff. The Court will not engage in determining whether Plaintiff owes a debt to the government. Instead, the Court will leave it to the discretion of the Commissioner whether to honor Plaintiff's assignment of her EAJA fees"); Calderon v. Astrue, 2010 WL 4295583 (E.D. Cal. Oct. 22, 2010) (approving Commissioner's proposal and awarding EAJA attorney's fees to the claimant—"Defendant ... seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt pursuant to government's discretionary waiver of the requirements of the Anti–Assignment Act. This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"). Accordingly, the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 18.05 hours ( 27.2 hours minus 9.15 hours) at an hourly rate of $125.00, for a total attorney's fee award of $2,256.25, plus the $350.00 filing fee cost.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent

AO72A
(Rev. 8/82)

double recovery by counsel for the Plaintiff.

   IT IS SO ORDERED AND ADJUDGED this 26th day of May, 2011.


                */s/ Erin L. etser*
                HONORABLE ERIN L. SETSER
                UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**